P-653
Anthony A. Lenza, Jr., Esq.
Amabile & Erman, P.C.
1000 South Avenue
Staten Island, NY 10314
alenza@amabile-erman.com
(718)370-7030
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

------------------------------------X
DANIEL TRIPO,

                          CIVIL NO. 11-2050-FLW-DEA
        Plaintiff,

   -against-                **STATEMENT OF MATERIAL FACTS**

ROBERT WOOD JOHNSON MEDICAL CENTER,
SYLVIANA BARSOUM, M.D., RENU CHHOKRA,
M.D., and ARLEEN LAMBA, M.D..   **Document Filed Electronically**
        Defendants.
------------------------------------X

    Pursuant to Local Rule 56.1, plaintiff responds to defendants' Statement of Material Facts and provides a Counter Statement of Material Facts as follows:

    1.    Agreed.

    2.    Agreed.

    3.    Agreed.

    4.    Agreed.

    5.    Denied as to the accrual date which would have been on or about March 1, 2011 based on the discovery rule.

    6.    Agreed based on affidavit provided.

    7.    Agreed based on affidavit provided.

    8.    Agreed based on affidavit provided.

9. Agreed based on affidavits provided.

10. Agreed.

11. Agreed.

12. Agreed.

13. Agreed but there is no evidence that Daniel Tripo read or was explained the contents of the Consent Form.

14. Agreed but there is no evidence that Daniel Tripo read or was explained the contents of the Consent Form.

15. Agreed but there is no evidence that Daniel Tripo read or was explained the contents of the Consent Form.

16. Agreed but there is no evidence that Daniel Tripo read or was explained the contents of the Consent Form.

17. Agreed.

18. Agreed.

19. Admit except to the ninety day expiration date which would have been on or about June 1, 2011 based on the discovery rule.

20. Admit except as to the one year expiration which would be March 1, 2012.

21. Denied.

**PLAINTIFF'S COUNTER STATEMENT OF FACTS**

22. On January 6, 2010, plaintiff was seriously injured in a motor vehicle accident in New Jersey and was taken by ambulance to Robert Wood Johnson Medical Center where he was admitted until January 14, 2010.

23. During the admission, plaintiff was diagnosed with a fracture of my sternum and underwent surgery under general anesthesia on January 12, 2010 at Robert Wood Johnson Medical Center.

24. During surgery on January 12, 2010, plaintiff could not see the doctors who were present in the operating room.

25. On March 2, 2010, plaintiff retained Amabile & Erman, P.C, to investigate a potential medical malpractice case against Robert Wood Johnson Medical Center and the medical providers who rendered anesthesia services to plaintiff regarding his surgery on January 12, 2010.

26. In March 2011, plaintiff discovered for the first time the names of the individually named defendants and that their treatment caused injury to plaintiff.

27. The accrual date of this cause of action would have been on or about March 1, 2011 based on the discovery rule.

28. On January 13, 2010, Dr. Barsoum advised plaintiff that the anesthesia amount should have been adequate in response to plaintiff's report that he had recall of the intra-operative events.

Dated:   August 11, 2011

AMABILE & ERMAN, P.C.
Attorney for Plaintiff

ANTHONY A. LENZA, JR.
ALENZA@AMABILE-ERMAN.COM