P-653
Anthony A. Lenza, Jr., Esq.
Amabile & Erman, P.C.
1000 South Avenue
Staten Island, NY 10314
alenza@amabile-erman.com
(718)370-7030
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

------------------------------------X
DANIEL TRIPO,

                                          CIVIL NO. 11-2050-FLW-DEA
        Plaintiff,

   -against-

ROBERT WOOD JOHNSON MEDICAL CENTER,
SYLVIANA BARSOUM, M.D., RENU CHHOKRA,
M.D., and ARLEEN LAMBA, M.D.. **Document Filed Electronically**
        Defendants.
------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION**

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted in opposition to defendants SYLVIANA BARSOUM, M.D., RENU CHHOKRA, M.D., and ARLEEN LAMBA, M.D.'s motion for summary judgment and in support of plaintiff's cross-motion for an Order granting leave to file late notices of claim against defendants, SYLVIANA BARSOUM, M.D., RENU CHHOKRA, M.D., and ARLEEN LAMBA, M.D., pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:8-9 or in the alternative, deeming the late Notice of Claim served on August 9, 2011 timely served

nunc pro tunc.

**ARGUMENT**

**THE ACCRUAL OF PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANTS WAS TOLLED UNTIL MARCH 2011**

Because it is "inequitable that an injured person, unaware that he has a cause of action, should be denied his day in court solely because of his ignorance, if he is otherwise blameless", New Jersey courts long have employed the equitable principle of the discovery rule to avoid the potentially harsh effects of the "mechanical application" of the statutes of limitations. Guichardo v. Rubinfeld, et al., 177 NJ 45, 51 (2003), quoting from Lopez v. Swyer, 62 NJ 267, 274 (1973) and Vispisiano v. Ashland Chem Co, 107 NJ 416, 426 (1987); see generally Caravaggio v. D'Agostini, 166 NJ 237 (2001). The discovery rule delays accrual of a cause of action "until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered[,] that [he or she] may have a basis for an actionable claim." Lopez, supra, 62 NJ at 272. To start the statute of limitations running in a case involving "complex medical causation", in which "it is not at all self-evident that the cause of injury was "the fault of...a third party", more is required than mere speculation or an informed guess without some reasonable medical support that there was a causal connection between the plaintiff's condition and the third party's conduct. Guichardo, supra, 177 NJ at 51, quoting Lopez, supra, 62 NJ at

272 and Mancuso v. Neckles, 163 NJ 26, 34 (2000). The discovery rule requires "knowledge not only of the injury but also that another is at fault." Guichardo, supra, 177 NJ at 51, quoting Martinez v. Cooper Hosp-Univ Med Ctr, 163 NJ 45, 52 (2000).

Applying the above controlling case law to the fact that Plaintiff did not know that defendants, SYLVIANA BARSOUM, M.D., RENU CHHOKRA, M.D., and ARLEEN LAMBA, M.D., could have been the cause of his injuries until March 2011 (the time plaintiff was informed of the opinion of the retained anesthesia expert), the discovery rule is applicable to this case. This is true especially when Dr. Barsoum advised plaintiff on January 13, 2010 that the anesthesia amount should have been adequate in response to plaintiff's report that he had recall of the intra-operative events. See anesthesia follow-up note at Exhibit "C".

This action involves the same "complex medical causation" as discussed in the above cases which requires plaintiff to have some reasonable 'medical' support that there was a causal connection between his awareness during surgery and defendants' treatment in order to start the running of the Statute of Limitations. This office did not even discover the identities of the individual defendants until we received the hospital chart in November 2010 and no such medical support existed until March 2011. Accordingly, it is respectfully submitted that the accrual of plaintiff's cause of action against defendants was tolled until March 2011.

### N.J.S.A. 59:8-9 ALLOWS FOR THE FILING OF A LATE NOTICE OF CLAIM WITHIN ONE YEAR OF THE ACCRUAL OF THE CLAIM

It is submitted that based on the tolled accrual date of this cause of action until March 2011, this cross-motion is timely as the one year provision under N.J.S.A. 59:8-9 would not expire until on or about March 1, 2012.

Permission to file a late notice of claim requires a showing that the public employees would not be substantially prejudiced by the granting of such permission and that there are extraordinary circumstances for the failure to file a notice of claim within the ninety day window. Allen v. Krause, 307 NJ Super 448, 703 A2d 993 (NJ App Div 1997).

The New Jersey Supreme Court in the companion cases of Eagan v. Boyarsky, 158 NJ 632, 731 A2d 28 (1999) and Lowe v. Zarghami, 158 NJ 606, 731 A2d 14 (1999) guides the resolution of the submitted motions. Both cases involved UMDNJ physicians working at private hospitals. In Lowe, the Court held that plaintiff was permitted to file a late notice of claim as there were extraordinary circumstances and no prejudice to defendants. Similarly to Lowe, plaintiff in the instant case submits that there were extraordinary circumstances as per the following: plaintiff contacted this office within two months of his hospital admission; plaintiff followed the procedures necessary to assert an ordinary medical malpractice claim against a physician which

required obtaining the hospital chart; that it took nine months to obtain the hospital chart from Robert Wood Johnson Medical Center despite diligent efforts by this office; that the names of the anesthesia team members were not identified until the chart was received in November 2010; that plaintiff discovered for the first time in March 2011 that there was a causal connection between his awareness during surgery and the treatment of the individually named defendants; and that neither plaintiff nor my office was aware that the defendant physicians were employees of UMDNJ until said defendants filed their motion for summary judgment on August 5, 2011.  Furthermore, defendants' affidavits are deficient in that they do not state they advised plaintiff either orally or in writing that they specifically were UMDNJ employees or that they were observable by plaintiff.  The Lowe Court required UMDNJ professors to advise their patients, orally and in writing, that they are employees of UMDNJ.  Id. at 28.  Defendants' affidavits did not include any representation as to this court-imposed requirement.  It is also more than possible that at least some of the defendant physicians did not interact with plaintiff (i.e. only present while plaintiff's eyes were closed under anesthesia) thereby precluding plaintiff from observing any ID cards.

It is further submitted that based on the holdings in Lowe and Eagan, a late notice of claim would not prejudice defendants, SYLVIANA BARSOUM, M.D., RENU CHHOKRA, M.D., and ARLEEN LAMBA,

M.D.. The anesthesia treatment is recorded in the hospital chart and therefore defendants investigation of plaintiff's claim is not hindered by the delay in filing notice. Furthermore, defendants were likely aware of the possibility of a malpractice suit as plaintiff reported his awareness during surgery to the medical staff at Robert Wood Johnson Medical Center following surgery and is memorialized in Dr. Barsoum's January 13, 2010 follow-up note attached as Exhibit "C".

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS MOOT SHOULD THIS COURT GRANT PLAINTIFF PERMISSION FOR LEAVE TO FILE A LATE NOTICE OF CLAIM

It is respectfully submitted that plaintiff's cross-motion should be granted under the facts of this case and therefore defendants' motion should be deemed moot allowing for this action to be determined on its merits.

### CONCLUSION

Based on the above arguments, it is respectfully requested that defendants' motion be denied and plaintiff's cross-motion be granted.

Dated:   August 11, 2011

> AMABILE & ERMAN, P.C.
> Attorney for Plaintiff
>
> _____
> ANTHONY A. LENZA, JR.
> ALENZA@AMABILE-ERMAN.COM