UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

| | | |
|---|---|---|
| **DANIEL TRIPO,** | : | Civil Action No. 11-2050 (FLW) |
| Plaintiff, | : | |
| v. | : | OPINION AND ORDER |
| **ROBERT WOOD JOHNSON MEDICAL CENTER, et al.,** | : | |
| Defendants. | : | |

This matter comes before the Court on Defendants' Motion to Serve Expert Reports out of Time and For an Extension of Discovery [dkt. no. 40].[1] Plaintiff Daniel Tripo has opposed the Motion [dkt. no. 41]. The Court has considered the submissions of the Parties pursuant to FED. R. CIV. P. 78 and for the reasons set forth herein, Defendants' Motion is **GRANTED**.

## I.     INTRODUCTION & PROCEDURAL HISTORY

This is a personal injury action. The relevant procedural history can be summarized as follows:

- On April 11, 2011, Plaintiff's Complaint was filed.
- On July 9, 2012, the final fact witness, Vicente Gracias, M.D., was deposed.
- On July 30, 2012, Defendants filed a Motion for Summary Judgment with a return date of September 4, 2012.
- On August 27, 2012, following a telephone conference with counsel, the Court issued a Third Amended Scheduling Order (the "Scheduling Order").
- Pursuant to the Scheduling Order, defense expert reports were to be served on or before October 19, 2012.

---

[1] As discussed below, this is an Amended Motion. Defendants' original Motion was filed on December 10, 2012, two days before the instant Motion. Given Defendants' prompt action in notifying the Court of several factual inaccuracies, the Court permitted the Amended Motion.

- On September 25, 2012, Defendants were advised that oral argument of the Motion for Summary Judgment was set for October 10, 2012 before U.S. District Judge Michael A. Shipp.

- On October 10, 2012, Judge Shipp denied Defendants' Motion for Summary Judgment.

- On October 10, 2012, Defendants retained Thomas McDonnell, M.D. and Sharad Wagle, M.D. as experts in this matter.

- Pursuant to the Scheduling Order, a telephone status conference was scheduled for October 31, 2012. Because of the events of Hurricane Sandy, this conference was rescheduled to November 16, 2012.

- On November 16, 2012, Defendants—for the first time—advised the Court that expert reports had not been served. At no time prior to this date did Defendants request an extension or modification of the scheduling deadlines.

- On December 5, 2012, Defendants served the reports of Thomas McDonnell, M.D. and Sharad Wagle, M.D.

- On December 10, 2012, Defendants' Motion to Serve Expert Reports out of Time was filed.

- On December 12, 2012, after Plaintiff responded to Defendants' original Motion, Defendants' Amended Motion was filed.

## II.   STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 16(b), a pretrial scheduling order may be "modified only for good cause and with the judge's consent." The Advisory Committee Notes suggest good cause is met only when the schedule set "cannot reasonably be met despite the diligence of the party seeking the extension." However, the Court "has great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of FED. R. CIV. P. 16(b)." Patterson v. City of Perth Amboy, 2007 WL 3054939, at *1 (D.N.J. Oct. 11, 2007) (citation omitted).

If a party fails to comply with Rule 16, the court has wide discretion to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii)[2] . . . ." FED. R. CIV. P. 16(f). Moreover, instead of or in addition to any other sanction, the court must order the noncompliant party to pay expenses, including attorney's fees, "incurred because of any noncompliance with [Rule 16], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Id; see also Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 244 (3d Cir. 2007) (finding district court did not abuse its discretion when it imposed expenses as sanctions against the noncompliant, responsible party).

## III. DISCUSSION

Defendants claim good cause exists to grant their Motion based on the timeline for disposition of their Motion for Summary Judgment, the delay caused by Hurricane Sandy, and the delay in receiving Plaintiff's medical records. Plaintiff counters these arguments and maintains that Defendants' delay was willful and motivated by bad faith. These arguments are addressed below.

First, Defendants' primary justification for the delay in production of their expert reports is, at best, questionable. Given the timeline cited, it appears Defendants assumed Judge Shipp would hear oral argument and render his decision on September 4, 2012, the return date of the

---

[2] The sanctions included in FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii) include:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

3

Motion for Summary Judgment. Had Judge Shipp proceeded in that manner, Defendants argue, they would have had 45 days to produce their expert reports in the event the Motion was unsuccessful. However, pursuant to Defendants' request, on September 25, 2012 Judge Shipp scheduled oral argument for October 10, 2012. As a result, Defendants knew on September 25th that they would have only 9 days to produce their expert reports if their Motion was denied on October 10th.

In fact, Judge Shipp did deny the Motion on October 10th, and on that day, according to the Certification of Counsel, Defendants' experts were engaged. Def.'s Cert. at ¶ 16. Nonetheless, accepting Defendants' arguments as true, it is even more remarkable that Defendants waited until the telephone status conference on November 16, 2012 to alert the Court that expert reports had not been served.

Moreover, Contrary to Defendants' contention, neither Hurricane Sandy nor any delay in Defendants' receipt of Plaintiff's medical records excuse Defendants' failure to comply with the Scheduling Order or the decision to wait until November 16th to bring this issue to the Court's attention. Hurricane Sandy hit New Jersey on October 29, 2012, 10 days after the reports were due. That counsel was without power from October 29, 2012 until November 7, 2012 says nothing of Defendants' decision not to communicate their intentions to the Court at any time before October 29th. Likewise, the delay in receipt of certain of Plaintiff's medical records is unavailing. Defendants admit their experts were able to complete their reports without the information they contend was lacking. Def.'s Cert. at ¶ 44.

More plausible is Plaintiff's position that defense counsel unilaterally made the tactical decision not to retain experts until after the Motion for Summary Judgment was decided. Defense counsel's Certification admits as much: "one of the reasons [for the delay] was a

4

reluctance to require defendants to expend thousands of dollars on retaining experts while a motion for summary judgment was still outstanding." Def.'s Cert. at ¶ 22. In short, it appears defense counsel made the decision to delay expert discovery in an effort to minimize defense costs and failed to communicate this decision to the Court or Plaintiff's counsel until long after the deadline set by the Scheduling Order had passed.

Still, notwithstanding all of the above, and however misguided Defendants' decision may have been, the Court cannot conclude that counsel acted in bad faith. Nor can it conclude that Plaintiff will be prejudiced by granting this Motion. While there may be some delay, Plaintiff will not incur any expenses which would not otherwise be attendant to litigating this action.[3] On the other hand, denying Defendants' Motion would effectively strike their expert reports—a sanction which would arguably be tantamount to dismissal. Cf. Montgomery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002) ("expert testimony is *necessary* when the seriousness of injury or illness would not be apparent to a lay person"); see also Patterson, 2007 WL 3054939, at *2-3. Given the wide discretion afforded to the court in such matters, and the "strong preference that cases be decided on the merits," Ruhle v. Hous. Auth. of City of Pittsburgh, 54 Fed. Appx. 61, 62 *n.1 (3d Cir. 2002), Defendants' Motion is GRANTED.

However, Rule 16 mandates that the Court impose sanctions on any party responsible for violating that Rule. Here, for the reasons outlined above, the Court concludes that Defendants were solely responsible for the delay in serving their expert reports and, by extension, the necessity of the instant Motion. Defendants have not advanced any compelling explanation that would substantially justify this delay. Therefore, Defendants are required to reimburse the reasonable attorney's fees and expenses incurred by Plaintiff in responding to this Motion. See

---

[3] These 'expenses' are different from those incurred in opposing this Motion. The latter expenses are discussed below.

Tracinda, 502 F.3d 212, 243 (upholding district court's grant of expenses when "DaimlerChrysler was wholly responsible for the late document production that caused Tracinda to incur substantial expenses."). Plaintiff may submit a certification with the Court setting forth those fees and expenses.

## IV. CONCLUSION AND ORDER

The Court having considered the papers submitted and opposition thereto pursuant to FED. R. CIV. P. 78, and for the reasons set forth above;

**IT IS** on this 14th day of January, 2013,

**ORDERED** that Defendant's Motion to Serve Expert Reports out of Time and For an Extension of Discovery is **GRANTED**; and it is further

**ORDERED** that the Court will conduct a status conference on January 29, 2013 at 4:00 PM. Defense counsel will initiate this call.

s/ Douglas E. Arpert<br>
DOUGLAS E. ARPERT, U.S.M.J.